# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Christopher Arndt*
Case No. 3:17-cr-00088-TMB
Case No. 3:17-cr-00091-TMB

By:              THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Christopher Arndt's *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "Motion").[1] Arndt argues that his "pressing family and business situation" and his "current conditions of confinement" provide an extraordinary and compelling basis for sentence reduction.[2] The United States (the "Government") opposes the Motion.[3] For the following reasons, the Motion **DENIES** the Motion.

On December 8, 2017, Arndt pleaded guilty to Distribution of Controlled Substances in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and Conspiracy to Launder Drug Proceeds in violation of 18 U.S.C. § 1956(h).[4] On March 7, 2019, the Court sentenced Arndt to a 108-month term of imprisonment, with four years of supervised release to follow.[5] He is currently in custody at Federal Correctional Institute ("FCI") Sheridan and has a projected release date of April 19, 2025.[6] On November 27, 2020, Arndt filed his first motion for compassionate release,[7] which the Court denied.[8] On October 7, 2022, Arndt filed this Motion—his second motion for compassionate release.[9]

---

[1] *Arndt I*, Dkt. 87 (Motion); *Arndt II*, Dkt. 166 (Motion). Arndt previously pleaded guilty in two cases: 3:17-cr-00088-TMB ("*Arndt I*") and 3:17-cr-00091-TMB ("*Arndt II*") and was sentenced to 108 months' imprisonment in both cases, with the sentences to run concurrently. *Arndt I*, Dkt. 75 (Judgment); *Arndt II*, Dkt. 128 (Judgment). Unless otherwise specified, the citations below refer to docket numbers in *Arndt I*.
 *see also* Dkt. 89 (Notice by Defense Counsel Regarding Compassionate Release Proceedings) (notifying the Court that appointed defense counsel would not supplement Arndt's *pro se* Motion); Dkt. 93-1 (Corrected Motion).
[2] Dkt. 93-1 at 1, 10.
[3] Dkt. 91 (Opposition).
[4] Dkt. 74 at 3 (Presentence Report).
[5] Dkts. 72 (Minute Entry), 75 (Judgment).
[6] *See* Dkt. 74.
[7] Dkt. 78 (Motion).
[8] Dkt. 84 (Order Denying Motion for Compassionate Release).
[9] Dkt. 87.

1

Arndt argues that his Motion is properly before the Court because he exhausted his administrative remedies with the Bureau of Prisons.[10] Arndt states that on May 19, 2022, he submitted a request to the Warden of FCI Sheridan ("Warden") to bring a motion for reduction of sentence on his behalf, and that he has not received a response to date.[11]

Arndt next argues that there are four extraordinary and compelling reasons for his compassionate release.[12] First, Arndt states that "it is now time" for his mother, who has helped care for his children over the past five years, to "move back home to Alabama to rejoin his father."[13] Second, Arndt contends that his release will help keep his fishing business afloat.[14] Third, Arndt argues that he has not been able to access rehabilitative programs at FCI Sheridan and he will be able to accomplish his rehabilitative goals "on his own, in an outpatient setting."[15] And fourth, Arndt submits that he will be safer at home than at FCI Sheridan because guards are engaging in "violence and retaliation" against inmates who joined a lawsuit alleging unconstitutional conditions at the facility.[16]

If released, Arndt intends to reside with his adult daughter and three minor children at his home in Kodiak.[17] Arndt adds that upon release, he "will immediately begin outpatient drug rehabilitation and counseling" and will captain his fishing vessel.[18]

The Government opposes the Motion on four grounds. First, because Arndt has not provided proof that he submitted his new request for compassionate release to the Warden of FCI Sheridan in May 2022, or an affidavit attesting to this information, he "has not shown that he has exhausted his administrative remedies and the [C]ourt should deny the motion on procedural grounds."[19] Second, the Government contends that Arndt has not cited any extraordinary or compelling reasons to merit a sentence reduction.[20] Specifically, the Government explains that (1) the alleged lack of programming available at FCI Sheridan "is not unique to [] Arndt's situation," (2) Arndt has not alleged that his children cannot be properly cared for in his absence, and (3) Arndt "could find a new captain to pilot his fishing vessel while he serves the remainder o[f] his sentence" or "liquidate the assets of his fishing business" to support his family.[21] Third, the Government argues that Arndt's extensive criminal record, drug trafficking history, and threats of violence indicate that "[h]e cannot be released safely into the community."[22] And fourth, the Government argues that the 18 U.S.C. § 3553(a) factors, which include the nearly three years remaining on his nine-year

---

[10] Dkt. 93-1 at 2.
[11] *Id.*
[12] *Id.* at 8.
[13] *Id.* at 3.
[14] *Id.* at 4.
[15] *Id.* at 4–7.
[16] *Id.* at 5.
[17] Dkt. 87-1 at 1 (Proposed Release Plan).
[18] *Id.* at 2.
[19] Dkt. 91 at 4.
[20] *Id.*
[21] *Id.* at 4–7.
[22] *Id.* at 7.

2

sentence, "the seriousness of his drug trafficking and violent nature," deterrence, and protection of the public, weigh against releasing Arndt.[23]

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to move the district court for a sentence reduction after exhausting their administrative remedies.[24] After considering the applicable factors set forth in § 3553(a), a court may grant the motion if it finds "extraordinary and compelling reasons warrant such a reduction[.]"[25] A court may look to the policy statement of the Sentencing Commission, which provides that "extraordinary and compelling reasons" may exist in certain specific circumstances, including where "the caregiver of the defendant's minor child or minor children" has become incapacitated."[26] However, the policy statement is "not binding" on courts evaluating motions filed by defendants under 18 U.S.C. § 3582(c)(1)(A).[27]

As a threshold matter, the Court finds that Arndt exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). It is clear "that § 3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government."[28] Although no party has provided evidence that Arndt submitted a request for compassionate release to the Warden, Arndt asserts that he sent such a request on May 19, 2022.[29] Courts have accepted such assertions where there is no reason to assume bad faith on the part of the defendant.[30] Here, the Court has no reason to assume that Arndt has acted in bad faith. More than thirty days have passed since Arndt states that he made a request and was denied relief. Accordingly, the Court may consider the merits of the Motion.

In reviewing the merits, the Court concludes that Arndt has not established that his family circumstances present extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A). Although the Court acknowledges the burden that Arndt's incarceration places on his family, his preference that his mother no longer act as the caretaker of his minor

---

[23] *Id.*
[24] *See* Pub. L. 115-391, 132 Stat. 5194, 5239 (2018).
[25] 18 U.S.C. § 3582(c)(1)(A).
[26] 18 U.S.C. § 3582(c)(1); U.S.S.G. § 1B1.13. The Ninth Circuit recently held that the current version of U.S.S.G. § 1B1.13 is "not an applicable policy statement for 18 U.S.C. § 3582(c)(1)(A)." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (internal quotation marks omitted). The Ninth Circuit also concluded that a "dangerousness finding is not statutorily required under 18 U.S.C. § 3582(c)(1)(A)(i)[.]" *Id.* at 799.
[27] *Aruda*, 993 F.3d at 802 (agreeing with and adopting the rationale from *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (holding that U.S.S.G. § 1B1.13 is not binding on courts considering motions filed by defendants under 18 U.S.C. § 3582(c)(1)(A))).
[28] *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).
[29] Dkt. 93-1 at 2.
[30] *See, e.g., United States v. Levario*, No. 2:12-CR-00399-JAM-1, 2020 WL 3256918, at *2 (E.D. Cal. June 16, 2020) (accepting as true defendant's representation that he requested compassionate release from the Warden where the court had no reason to assume bad faith on the part of defendant or counsel); *United States v. Richardson*, No. 2:17-cr-00048-JAM, 2020 WL 3402410, at *2 (E.D. Cal. June 19, 2020); *United States v. Massengill*, Case No. 3:17-cr-00091-02-TMB, (closed April 11, 2019) (Dkt. 146).

3

children—whom he does not allege require any special care—does not rise to the level of an extraordinary and compelling reason justifying a sentence reduction.[31] Moreover, the loss of a captain to pilot Arndt's fishing vessel for his business is similarly not an extraordinary and compelling reason for an early release from custody.[32] Arndt's early release is not the only way to address the potential consequences this issue may have on his family's income.

Arndt's remaining arguments about conditions at FCI Sheridan also do not demonstrate extraordinary and compelling reasons warranting a sentence reduction. While the Court is sympathetic to Arndt's frustration and concerns about not receiving certain rehabilitative programming or treatment while in custody, these circumstances do not appear to be unique to Arndt and fail to rise to the level of an extraordinary and compelling reason to reduce his sentence. Similarly, although Arndt makes general allegations regarding poor treatment of inmates at FCI Sheridan, he does not allege that he has personally experienced any of the "violence" or "retaliation" referenced in the Motion.[33] Without more specific allegations connecting Arndt to these conditions, the Court cannot conclude that extraordinary and compelling reasons justify his release.

Furthermore, the Court finds that the § 3553(a) factors weigh against a sentence reduction in this case. Arndt is 44 years old and has approximately three years remaining on his nine-year sentence.[34] The sentence originally imposed was sufficient, but not greater than necessary to

---

[31] *See United States v. Rojas*, No. 17-cr-337-LAB, 2021 WL 4690509, at *2 (S.D. Cal. Oct. 7, 2021) (finding defendant's family circumstances extraordinary and compelling where the defendant's child had "multiple medical conditions" and "severe intellectual, emotional, and developmental disabilities" requiring "constant assistance," and where the child's then-caretaker was 78 years old, often had to stay up all night to watch over the child, "suffer[ed] from several ailments," was "in serious pain at least '90 percent of the time,'" and was under significant strain in caring for the child); *United States v. Kesoyan*, No. 2:15-cr-236-JAM, 2020 WL 2039028, at *4–5 (E.D. Cal. Apr. 28, 2020) (finding defendant's family circumstances extraordinary and compelling where the defendant's 24-year-old child was developmentally disabled, had cerebral palsy, "need[ed] assistance with daily activities," was not a "functional or independent adult", and was deteriorating in condition and overall health "as a direct result of [defendant's] absence," and where the child's then-caretakers or potential caretakers could not care for him due to disability, drug addiction, health issues, and time and resource constraints).

[32] *See, e.g., United States v. Degante*, 2022 WL 2813716, at *5 (E.D. Tex. July 18, 2022) (concluding that defendant's "wish to provide . . . financial support for his children does not amount to 'extraordinary and compelling' reasons" for compassionate release); *United States v. Terletsky*, No. 2:16-cr-00080-RSM, 2021 WL 735699, at *4 (W.D. Wash. Feb. 25, 2021) (rejecting argument that defendant should be released because his family "need[ed] the financial support he c[ould] provide by returning to his family"); *United States v. Francisco-Ovalle*, No. 18-cr-526-AJN, 2021 WL 123366, at *3 (S.D.N.Y. Jan. 13, 2021) ("Defendant's desire to provide financial support for his family, while . . . admirable, applies broadly to incarcerated persons and does not in itself provide extraordinary and compelling reasons justifying release.").

[33] Dkt. 74 at 5.

[34] *See id.* at 2.

4

comply with the purposes of sentencing. The guidelines range for Arndt's offense was 151 to 188 months, and the underlying facts that resulted in his federal conviction were serious.[35] Moreover, Arndt has been disciplined during his time in custody on multiple occasions—for fighting, possessing Suboxone, and possessing contraband.[36] Based on this conduct, Arndt's leadership role in a drug trafficking conspiracy, and his history of threats of violence, the Court is not convinced that Arndt does not pose a danger to the community. Arndt's § 3553(a) arguments relating to the circumstances surrounding his family, business, and conditions at FCI Sheridan are unavailing and he has not demonstrated that the § 3553(a) factors otherwise weigh in favor of a sentence reduction at this time.

Accordingly, the Motion at Docket 87 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: December 28, 2022.

---

[35] *Id.* at 21.
[36] *Id.* at 4.